JUSTICE TRIEWEILER
concurs in part and dissents in part.
I concur with those parts of the majority opinion which affirm summary judgment for the defendants on the issue of fraud; affirm the dismissal of defendants, other than Billings Montana Chevrolet, Inc.; and remand this case to the District Court for further consideration of plaintiff’s claim that he was discharged in violation of the employer’s written personnel policies.
I dissent from that part of the majority opinion which holds that as a matter of law plaintiff’s employer has “reasonable job related grounds for dismissal based upon ... legitimate business reasons.”
The constitutionality of the Wrongful Discharge From Employment Act was challenged in this Court in Meech v. Hillhaven West, Inc., 238 Mont. 21, 776 P.2d 488 (1989). In that case, an employee contended that the Act violated the Equal Protection Clauses of the Montana and Federal Constitutions by discriminating against a class of claimants without a rational basis, and that the Act violated prior case law by abrogating causes of action without providing a reasonable substitute.
In upholding the constitutionality of the Act, and in finding that adequate substitutes were provided for those rights that were lost, this Court concluded that even though damages were limited by the Act, greater job security was provided to employees by the “good cause” requirement that now exists under the Act for termination of an employee. In balancing the rights of employers and employees to determine whether there was a rational basis for the Act, this Court concluded that the “good cause” protection of the Act was a significant factor. We stated:
“Under the Act, employers benefit because their potential liability is made more certain. Meanwhile, employees’ control over the manner in which they are discharged remains, in part, as a result of the Act’s ‘good employees’ cause’ requirement. The Act, in making this trade, is in no sense irrational. Therefore, classifications in the Act satisfy the requirements of the rational basis test.”
Meech, 776 P.2d at 505.
With its decision in this case, the majority now begins the erosion of that same “good cause” requirement which was previously found to be the quid pro quo for rights which have been taken away from employees under the Act.
*289 Good cause, as it pertains to this case, is defined in § 39-2-903(5), MCA, as "... reasonable job-related grounds for dismissal based on ... legitimate business reason.” It is not sufficient that a termination of employment be for a “legitimate business reason” unless that reason is reasonably related to the job that the employee performs.
If “legitimate business reason” by and of itself is sufficient to establish good cause, then the good cause requirement in the Wrongful Termination Act has been rendered meaningless and employees in the State of Montana receive nothing in return for the rights they gave up under the Wrongful Discharge From Employment Act, § 39-2-901, et seq., MCA.
The majority discusses the business interests of Frank Stinson at length, but fails to establish that the plaintiff’s replacement as general manager of Billings Montana Chevrolet, Inc., was in anyway job related.
The plaintiff was hired by the Billings auto dealership in 1973 as a salesman. He advanced through the ranks of employment and eventually served as the new truck manager, the new car sales manager, and general manager. He was general manager for nine years prior to his discharge. During that time the dealership operated successfully and profitably.
As pointed out by the majority, he was the only nondealer ever elected president of the Billings Automobile Dealers Association. He frequently ran the dealership during the absence of its owner.
There was no evidence in this record to indicate that plaintiff’s replacement as general manager of the auto dealership was in any way related to his performance of that job.
Furthermore, there was no indication in this record that it was the employer’s “legitimate business reason” for which the plaintiff was terminated. Plaintiff’s employer was Billings Montana Chevrolet, Inc. It apparently operated successfully under plaintiff’s management.
James Buck was terminated because of the business interests of Frank Stinson.
Mr. Stinson and his corporation, F. S. Enterprises, Inc., owned and operated a number of auto dealerships around the country. The person with whom he replaced the plaintiff was a successful sales manager of one of his other dealerships in South Dakota, and consistent with his business practice in those other dealerships, he promised that person an opportunity to take over operation and *290 eventually acquire ownership of the next dealership he purchased. The decision by Stinson to make Dennis Menholt the general manager of his next dealership was made before he ever looked at Frontier Chevrolet, and before he ever met James S. Buck. It was made prior to the time that he and the corporation that he owned purchased the shares of the Billings dealership. Therefore, it had nothing to do with legitimate business reasons of the company which employed the plaintiff.
It is logically inconsistent to dismiss Frank Stinson and the corporation which purchased the shares of Billings Montana Chevrolet, Inc., because they were not technically the plaintiff’s employer, but then to consider Frank Stinson’s business interests as justification for termination of the plaintiff.
Under the undisputed facts, and based on the laws set forth in the Act, a strong argument could be made that plaintiff was entitled to summary judgment because the undisputed facts established that plaintiff was not terminated by Stinson for any job related reason, or for any legitimate business reason of the company for which he worked. However, the plaintiff was at least entitled to a jury trial to determine whether under these facts, and according to the statutory definition of “good cause” plaintiff was properly terminated.
The majority opinion proceeds from the premise that the role of courts is to protect people from juries. I believe on the contrary, that juries exist, and are provided for in both the federal and state constitutions, to protect people from arbitrary decisions of courts.
For that reason, I would remand this case to the District Court for a jury trial to determine whether plaintiff was terminated from his employment for “good cause” and I dissent from the majority opinion which grants summary judgment to the defendant on that issue.
JUSTICE HUNT joins in the foregoing concurrence and dissent of Justice Trieweiler.